IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF NEW
JERSEY CAMDEN VICINAGE

| | |
|---|---|
| CAROLYN FELDMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | Civil No. 19-13172 (RMB)<br><br>**MEMORANDUM OPINION & ORDER** |

**BUMB**, United States District Judge:

This matter comes before the Court upon an appeal by Plaintiff Carolyn Feldman from a denial of social security disability benefits.

For the reasons set forth below, the Court vacates the decision of the Administrative Law Judge ("ALJ") and remands for proceedings consistent with this Memorandum Opinion and Order's reasoning.

I. **STANDARD OF REVIEW**

When reviewing a final decision of an ALJ with regard to disability benefits, a court must uphold the ALJ's factual decisions if they are supported by "substantial evidence." Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000); 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence" means "'more than a mere

1

scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Cons. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).

In addition to the "substantial evidence" inquiry, the court must also determine whether the ALJ applied the correct legal standards. See Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000). The Court's review of legal issues is plenary. Sykes, 228 F.3d at 262 (citing Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999)).

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further states,

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a

2

specific job vacancy exists for him, or whether he
would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has promulgated a five-step, sequential analysis for evaluating a claimant's disability, as outlined in 20 C.F.R. § 404.1520(a)(4)(i-v). The analysis proceeds as follows:

> At step one, the ALJ determines whether the claimant is performing "substantial gainful activity[.]" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he is, he is not disabled. Id. Otherwise, the ALJ moves on to step two.
>
> At step two, the ALJ considers whether the claimant has any "severe medically determinable physical or mental impairment" that meets certain regulatory requirements. Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A "severe impairment" is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" Id. §§ 404.1520(c), 416.920(c). If the claimant lacks such an impairment, he is not disabled. Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If he has such an impairment, the ALJ moves on to step three.
>
> At step three, the ALJ decides "whether the claimant's impairments meet or equal the requirements of an impairment listed in the regulations[.]" Smith, 631 F.3d at 634. If the claimant's impairments do, he is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If they do not, the ALJ moves on to step four.
>
> At step four, the ALJ assesses the claimant's "residual functional capacity" ("RFC") and whether he can perform his "past relevant work."2 *202 Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A claimant's "[RFC] is the most [he] can still do despite [his] limitations." Id. §§ 404.1545(a)(1), 416.945(a)(1). If the claimant can perform his past relevant work despite his limitations, he is not disabled. Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If he cannot,

3

the ALJ moves on to step five.

At step five, the ALJ examines whether the claimant "can make an adjustment to other work[,]" considering his "[RFC,] ... age, education, and work experience[.]" Id. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). That examination typically involves "one or more hypothetical questions posed by the ALJ to [a] vocational expert." Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984). If the claimant can make an adjustment to other work, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If he cannot, he is disabled.

Hess v. Comm'r Soc. Sec., 931 F.3d 198, 201–02 (3d Cir. 2019).

## II. **FACTS**

The Court recites only the facts that are necessary to its determination on appeal, which is narrow.

Plaintiff, who was 50 years old at the alleged onset date, claims disability mainly based on depression, anxiety, and attention deficit hyperactivity disorder ("ADHD"). (A.R. 35-36)

As to ADHD specifically, Plaintiff testified at the disability hearing that her primary care physician, Dr. Magnet, prescribed her Adderall, and had recently increased her dosage. (A.R. 43-44, 58) Plaintiff repeatedly testified that she had trouble "focusing" and had problems with "concentrating." (A.R. 54-55, 57-58, 66)

The medical records from Plaintiff's treating physician, Dr. Magnet, corroborate Plaintiff's testimony. Dr. Magnet's treatment records reflect a diagnosis of ADHD, a prescription

4

for Adderall, and Plaintiff's reports of "not being able to concentrate, [and] tangential thoughts, going from one subject to another." (A.R. 306-07)

Likewise, Dr. Mintzer, a consultative clinical psychologist, diagnosed Plaintiff with "Attention Deficit Hyperactivity Disorder, Predominantly Inattentive Presentation." (A.R. 302) Dr. Mintzer concluded that Plaintiff's limitations were "moderate to severe in degree." (A.R. 303)

### III. ALJ'S DETERMINATION

The ALJ found Plaintiff not disabled. At Step Two, the ALJ found the following severe impairments: anxiety disorder, major depressive disorder, and attention hyperactivity deficit disorder. (A.R. 14) As to ADHD, the ALJ found,

> [w]ith regard to concentrating, persisting, or maintaining pace, the claimant has moderate limitation. The undersigned has applied the record in the light most favorable to the claimant in finding that her complaints of concentration difficulties reasonably related to her ADHD diagnosis, and perhaps presents moderate limitations here. There is some support for this in clinicians' observations of tangential speech and thought processes.

(A.R. 16)

The ALJ's RFC determination, however, appears not to have any limitation specifically related to Plaintiff's ADHD. In particular, the RFC has no provision for being off-task even though, at the disability hearing, the ALJ proposed three

5

hypothetical RFCs to the vocational expert: the first with no limitation as to being off-task, the second with a limitation of being off-task 5% of the time, and the third with a 10% off-task limitation. (A.R. 74-75) Rather, the RFC provides, in relevant part:

> [t]he claimant has the residual functional capacity to perform light work except that the work . . . . may require one to be able to understand and remember up to simple, routine instructions and carry out repetitive tasks, as well as be able to make up to simple work-related decisions and use common sense. The work may require one to be able to deal with occasional changes in a routine work setting, and to have up to occasional interaction with the public.

(A.R. 16)

IV. **ANALYSIS**

Among other arguments, Plaintiff asserts that the ALJ erred in formulating Plaintiff's RFC because the RFC did not account for Plaintiff's "impaired ability to concentrate and focus." (Opening Brief, p. 24) The present record does not allow the Court sufficient access to the ALJ's reasoning as to the formulation of the RFC. Thus, the case will be remanded.

As set forth above, it is not apparent which, if any, portion of the RFC reflects the ALJ's finding that Plaintiff's ADHD results in moderate impairment of Plaintiff's concentration, persistence or pace. While the RFC addresses tasks such as remembering and understanding, it is completely silent as to concentration or being off-task. This silence--

particularly when viewed in light of the record evidence concerning Plaintiff's attention impairments and the ALJ's own hypothetical RFCs posed to the vocational expert at the disability hearing-- raises questions that are not answered by the ALJ's written decision. Nothing in the opinion reconciles the apparent inconsistency between the finding that Plaintiff has moderate limitations related to her ADHD on the one hand, and the RFC's silence as to concentration on the other. For example, the ALJ does not explain why he apparently rejected a 5% or 10% off-task limitation even though he found that Plaintiff has "moderate" "concentration difficulties." (A.R. 16)

"The Third Circuit has held that access to the Commissioner's reasoning is [] essential to a meaningful court review." Sanford v. Comm'r of Soc. Sec., No. CIV. 13-0366 NLH, 2014 WL 1294710, at *2 (D.N.J. Mar. 28, 2014)(citing Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978)); see also Stockett v. Comm'r of Soc. Sec., 216 F. Supp. 3d 440, 456 (D.N.J. 2016)("The Third Circuit 'requires the ALJ to set forth the reasons for his decision.'")(quoting Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 123 (3d Cir. 2000))(Bumb, D.J.). The Court cannot determine on the present record whether the ALJ's decision was supported by substantial evidence because it presently lacks the requisite access to the ALJ's reasoning. It may well be the case that the ALJ will arrive at the same

decision.  At this juncture, however, the ALJ must provide additional explanation for the decision.  As such, the Court **vacates** the decision of the ALJ and **remands** for proceedings consistent with the above analysis.

**ACCORDINGLY**, it is on this __7th__ day of **April, 2020**,

    **ORDERED** that the decision of the Administrative Law Judge is **VACATED** and the case is **REMANDED** for further proceedings consistent with this Memorandum Opinion; and it is further

    **ORDERED** that the Clerk of Court shall **CLOSE THIS CASE**.

```
                                    ___s/ Renée Marie Bumb___
                                    RENÉE MARIE BUMB, U.S.D.J.
```